Filed 7/31/26  Rogers v. The Coliseum Center CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| GREGORY DONNELL ROGERS,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>THE COLISEUM CENTER, LLC et al.,<br><br>Defendants and Respondents. | B346764<br><br>Los Angeles County<br>Super. Ct. No. 20STCV39278 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Dean J. Kitchens, Judge.  Affirmed.

Heidari Law Group and Sam Ryan Heidari for Plaintiff and Appellant.

Harrington, Foxx, Dubrow & Canter and Nikhil P. Pole for Defendants and Respondents.

_____

The trial court entered judgement against Gregory Donnell Rogers after granting the summary judgment motion of The Coliseum Center, LLC and Axiom Real Estate Investments, Inc. because Rogers submitted a "grossly inadequate" separate statement. Rogers appeals but fails to provide an adequate record for review. We affirm.

After a man yelled racial slurs at Rogers and then ran into Rogers with his car, Rogers sued Coliseum, Axiom, International Security Academy, Big 5 Sporting Goods Corporation, and Jonathan Gonzalez-Cruz. Rogers claimed Gonzalez-Cruz was a security guard employed by Academy, the company hired by Coliseum and Axiom to provide security at the property where he was attacked and that Gonzalez-Cruz was the man who attacked him.

Coliseum and Axiom filed a motion for summary judgment, complete with separate statement. In his response to Coliseum's and Axiom's separate statement, Rogers neglected to cite any evidence, even where he stated he was disputing the fact.

The trial court granted Coliseum's and Axiom's motion for summary judgment and entered judgment against Rogers. From a later order entered on a separate motion for summary judgment, we can tell the trial court found Rogers's separate statement "grossly inadequate." However, Rogers failed to include the trial court's order on the motion for summary judgment in the record for this appeal.

We presume the trial court's ruling is correct. (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) An appellant bears the affirmative burden of demonstrating prejudicial error. (*LNSU #1, LLC v. Alta Del Mar Coastal Collection Community Assn.* (2023) 94 Cal.App.5th 1050,

1070.) The appellant must support his assertion with cogent argument with citation to authority and accurate citations to the record. (*Ibid*.) Where the appellant fails to provide an adequate record to permit review, his arguments are forfeited. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*).)

The statute governing summary judgment states clearly both that: (1) any material fact the opposing party disputes shall be followed by a reference to the supporting evidence and (2) failure to comply with this requirement may constitute a sufficient ground for granting the motion. (Code of Civil Procedure § 437c(b)(3).) We review such a ruling for abuse of discretion. (*Parkview Villas Assn., Inc. v. State Farm Fire & Casualty Co.* (2005) 133 Cal.App.4th 1197, 1208.)

We are stymied by Rogers's failure to provide an adequate record for review.

Rogers neglected to include in the record the very order he is appealing, as well as additional critical documents such as Coliseum's and Axiom's reply brief and evidentiary objections and the trial court's rulings on those objections. Nor did he provide a reporter's transcript. Even after Coliseum and Axiom called out this failure in their brief, he did not rectify the mistake. Instead, he quotes a later order in which the trial court references the appealed order and attempts to make arguments about what it means the court did in the appealed order. This is insufficient. Rogers has forfeited these arguments by failing to provide a proper record. (*Jameson, supra*, 5 Cal.5th at p. 609.)

3

## DISPOSITION

We affirm the judgment and award costs to Coliseum and Axiom.


WILEY, J.

We concur:


STRATTON, P. J.


VIRAMONTES, J.